UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

Beth Picha,

                       Plaintiff,

vs.

APP Solutions International, Inc. and
Tech Services International LLC,

                     Defendants.

-----------------------------------------------------------------x

Civil Action No. 25-cv-07538 (JLR) (RWL)

**STIPULATED PROTECTIVE ORDER**

Plaintiff Beth Picha ("Plaintiff"), and Defendants Tech Services International, LLC ("Tech Services") and App Solutions International, Inc. ("App Solutions") (together "Defendants") jointly submit the following Stipulated Protective Order.

1.      As used in this Stipulated Protective Order ("Protective Order"), these terms have the following meanings:

      (a)    "Attorneys" means counsel of record and other attorneys performing general counsel responsibilities as an in-house or retained lawyer;

      (b)    "Confidential" documents and information as designated pursuant to Paragraph 2;

      (c)    "Confidential Attorneys' Eyes Only" documents are documents designated pursuant to Paragraph 2; "Documents" are all materials within the scope of Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001(a)-(c);

      (d)    "Electronically Stored Information" or "ESI" as used herein means and refers to computer generated information or data of any kind, stored in or on any storage media as defined in this section.

1

(e)     "Native format" means and refers to the format of ESI in which it was generated and/or as used by the Disclosing Party in the normal course of its business and/or in its regularly conducted activities.

(f)     "Metadata" means and refers to information about information or data about data, and includes, without limitation: (1) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.  Examples of metadata associated with a particular file include, e.g., "location," "size," "date created," "date modified," and "date accessed."

(g)     "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

(h)     "Disclosing Party" shall refer to any party to this action and any non-party disclosing or producing documents or information in connection with this action;

(i)     "Receiving Party" shall refer to any party to this action and any non-party that receives documents or information; and

(j)     "Written Assurance" means an executed document in the form attached as Exhibit A.

2.     Confidential documents or information means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, chart, summary, note, or copy made therefrom and designated by one of the parties or a third-party disclosing documents in connection with the above-captioned action, as containing confidential business,

financial, trade secret, or personal information that is not available to the public. A person or entity may designate a document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). A person or entity may designate a document "Confidential Attorneys' Eyes Only" to protect information that the Disclosing Party believes in good faith cannot be disclosed without threat of competitive injury or injury to privacy interests because such document contains proprietary, commercially sensitive, or private information. In the event a party to this litigation or non-party produces Confidential or Confidential Attorneys' Eyes Only Information, it will be designated in the following manner:

(a)    By imprinting the word(s) "Confidential" or "Confidential Attorneys' Eyes Only" on the first page or cover of any document produced, and in the event the entire document is not being designated as Confidential, such designation will be accompanied by a reference to the range(s) of Bates-numbered pages to which that designation refers;

(b)    By imprinting the word "Confidential" or "Confidential Attorneys' Eyes Only" next to or above any response to a discovery request; and

(c)    With respect to transcribed testimony, except for depositions as governed by Paragraph 7, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential Attorneys' Eyes Only" no later than fourteen (14) calendar days after receipt of the transcribed testimony. During the fourteen (14)-day period, counsel for the parties shall treat the entire transcript as if it had been designated as "Confidential" or "Confidential Attorneys' Eyes Only." Testimony that has been designated "Confidential" or "Confidential Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

3. All Confidential and Confidential Attorneys' Eyes Only documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

    (c) persons shown on the face of a document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) all parties to this case;

    (f) witnesses during their deposition or while providing testimony in trial in this action;

    (g) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

Access to Confidential Attorneys' Eyes Only documents shall be limited to those individuals and entities listed in (a) through (d) and (g) above, except that the Party disclosing the documents may have access to the Attorneys' Eyes Only documents.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be

served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" or "Confidential Attorneys' Eyes Only" for a period of fourteen (14) days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

6.     Each person appropriately designated pursuant to Paragraph 4(g) to receive Confidential or Confidential Attorneys' Eyes Only information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least fourteen (14) days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within fourteen (14) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.     All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within fourteen (14) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" or "Confidential Attorneys' Eyes Only" during the fourteen (14)-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" or "Confidential Attorneys' Eyes Only" information shall be taken only in the

5

presence of persons listed in Paragraph 4(a)-(g) of this Protective Order. All other persons shall leave the deposition during any portion of the deposition in which material designed as "Confidential" or "Confidential Attorneys' Eyes Only" is disclosed, discussed, or otherwise used.

8.      Any Disclosing Party who inadvertently fails to identify documents as "Confidential" or "Confidential Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. The Receiving Party shall thereafter treat the disclosed material as Confidential Information or Confidential Attorneys' Eyes Only Information in accordance with this Protective Order and, further, take reasonable steps to advise persons to whom disclosure was made of the designation. In the case of Confidential Attorneys' Eyes Only Information, outside counsel for the Receiving Party shall also make reasonable, good faith efforts to retrieve the information from all individuals or entities in receipt of the information from the Receiving Party.

9.      The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

(a)      In the event any material is produced that the Disclosing Party later reasonably and in good faith claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the Disclosing Party shall inform the Receiving Party in writing of the asserted privilege and the factual basis therefor. The Receiving Party shall, within five (5) business days of receipt of such notice, return the original to the Disclosing Party, and after making a good faith search, destroy all known copies thereof and delete any known copy of the documents, or any portion thereof, from any storage media. The Receiving Party also agrees to delete or destroy any additional copies of such documents of which it might become aware in

the future. The Receiving Party shall also make reasonable, good faith efforts to retrieve the information from all individuals or entities in receipt of the information from the Receiving Party. The Receiving Party will in no manner examine the documents over which privilege is asserted after receiving notice of the asserted privilege.

(b)     If during the Receiving Party's review of documents from the Disclosing Party, the Receiving Party discovers a document that appears on its face to be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, absent extenuating circumstances, the Receiving Party shall, within two (2) business days, call the attention of the Disclosing Party to the document(s). If the Disclosing Party claims a privilege over the documents, it must give the notice required by subparagraph (a) within three (3) business days thereafter, from receipt of which subparagraph (a) will govern the Receiving Party's obligations. Inadvertent production of privileged, work product protected, or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection, or immunity, either as to the produced material or as to any other material or communications.

(c)     Return of documents or information for which the Disclosing Party has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the information on the ground that the claimed privilege, work product protection, or immunity is invalid; provided, however, that mere production of the information in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

(d)     If a document or information is identified as protected by the attorney-client privilege, work product doctrine, or other privilege in accordance with subparagraphs (a), the

Receiving Party shall not make any use of the document or its contents, including, without limitation, as part of any publicly available court filing.

10.     Documents originally in paper/physical form will be digitized into single-page, black and white PDF files. Upon written request, and for good cause shown, the parties shall produce color images for a reasonable number of selected documents and ESI.

11.     Documents shall be produced in native format, including metadata.

12.     If a document is more than one page, the unitization of the document and any attachments and/or notes shall be maintained as they existed in the original document.

13.     The parties will endeavor to deduplicate ESI. The parties will retain all deduplicated documents for the duration of the action or as agreed and may request production of deduplicated documents for particular custodians by identifying the applicable Bates numbers in writing.

14.     This Protective Order does not authorize or require the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.

(a)     A party seeking leave to file documents or other matter under seal shall meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request.

(b)     A party seeking leave to file documents or other matter under seal on the ground that an opposing party or third party has requested it, must notify the opposing party or third party that it must file, within three (3) days, a letter explaining the need to seal.

(c)     Motion or letter motions for approval of sealed filings and the subject documents, including the proposed sealed document(s), must be filed on ECF in conformity with

the Court's Standing Order, 19-MC-00583, and Section 6 of the ECF Rules & Instructions (https://nysd.uscourts.gov/rules/ecf-related-instructions).

(d)    The motion must be filed in public view, must explain the particular reasons for seeking to file the information under seal and should not include Confidential Information sought to be filed under seal. Supporting papers must be separately filed on ECF and may be filed under seal only to the extent necessary to safeguard information sought to be filed under seal.

(e)    The proposed sealed document must be contemporaneously filed under seal on ECF and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include Confidential Information sought to be filed under seal.

*See* the Court's Individual Rules of Practice 4(b)(iii).

15.    Counsel for a party that receives Confidential Information, including Confidential Attorneys' Eyes Only Information, through disclosure or discovery are responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

16.    Any party may request a change in the designation of any information designated "Confidential" or "Confidential Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. A party may object to any other party's designation of documents, information, or materials as Confidential or Confidential Attorneys' Eyes Only Information by giving written notice to the designating party within fourteen (14) days after receipt of the same absent good cause for a delay beyond this 14-day period. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as

9

"Confidential" or "Confidential Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential or Confidential Attorneys' Eyes Only shall have the burden of proving that the information in question should be treated as within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Protective Order.

17.     Within 60 days of the termination of this action, including any appeals, each Receiving Party shall either destroy or return to the Disclosing Party all documents designated as "Confidential" or "Confidential Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Receiving Party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action so long as maintained in a manner reasonably anticipated to continue to afford the documents the protection provided for hereunder.

18.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19.     No action taken in accordance with the Protective Order shall be construed as a waiver of, or position as to, any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

20.     The obligations imposed by the Protective Order shall survive the termination of this action.

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein.  Accordingly, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal absent an order from the Court.

**SO ORDERED.**

Dated: April 13, 2026
New York, New York

*Jennifer Rochon*                    10

**JENNIFER L. ROCHON**
**United States District Judge**

Respectfully submitted this 10th day of April, 2026.

**ISAACS BERNSTEIN, P.C.**                    **VENABLE LLP**


*/s/ Jonathan A. Bernstein*                    */s/ Beth Ann Lennon*
Jonathan A. Bernstein, Esq.                    Beth Ann Lennon, Esq.
Bryce M. Miller, Esq.                          Imani T. Menard, Esq.
2108 Yardley Rd.                               151 W 42nd St., 49th Floor
Yardley, PA 19067                              New York, NY 10036
(215) 493-1980                                 (303) 276-6139
jb@lijblaw.com                                 blennon@venable.com
bmiller@cbsh.net                               itmenard@venable.com


*Attorneys for Plaintiff*                       *Attorneys for Defendants*


11

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Stipulated Protective Order dated _____, filed in Case No. Civil Action No. 25-cv-07538 (JLR) (RWL), pending in the United States District Court for the Southern District of New York ("Protective Order"). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or Confidential Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____                    _____

(Date)                                              (Signature)

13